STUART

*v.*

ANDREWS' EX'OR.

(*Supreme Court of Appeals of Virginia, February, 1882.*)

[Virginia Law Journal, 1882, p. 101.]

### Unlawful Detainer—Oyster Grounds—Case at Bar.*

Unlawful detainer will lie to recover an oyster ground in the public waters of the commonwealth, leased for a term of years by one in possession to another person, who takes possession under the lease, and refuses to surrender the premises at the expiration of the lease.

### Lessor and Lessee—Lessee Estopped to Deny Title of Lessor.

One taking possession under a contract under seal with his lessor, by which he rents the premises and covenants to give up the same at the expiration of his term, is estopped from thereafter denying the title of his lessor.

### Oyster Beds—Exclusive Right to Possession—Owners.

*Quære*: Had the plaintiff the exclusive right to the possession of an oyster bed in the public waters of the commonwealth?

This was a writ of error to a judgment rendered by the circuit court of Gloucester county, Virginia, in an action of unlawful detainer, in which S. G. Cooke, executor of Wm. Andrews, dec'd, was plaintiff, and L. J. Stuart was defendant. The facts are set out in the opinion of the court.

---

*See monographic note on "Unlawful Detainer" appended to Dobson *v.* Culpepper, 23 Gratt. 352 (Va. Rep. Anno.); monographic note on "Oysters" appended to Power *v.* Tazewells, 25 Gratt. 786 (Va. Rep. Anno.).

1 Va Dec—29

*Wm. D. Taliaferro,* for the plaintiff in error.

*J. N. Stubbs,* for defendant in error.

ANDERSON, J., delivered the opinion of the court.

The complaint of Stafford G. Cooke, ex'or of Wm. Andrews, deceased, the defendant in error, is, that the defendant, the plaintiff in error here, is in possession of, and unlawfully withholds from the plaintiff a certain piece or parcel of the bottom of York river, opposite the land of L. J. Stuart, and public landing at Cappahosic, used and occupied by defendant for the purpose of planting oysters, and adjoining the oyster-planting grounds of Wm. C. Dutton above and Hezekiah Tuttle below. The defendant moved the county court, in which the cause was depending, to quash the writ, which motion was sustained by the court, and judgment was rendered against the plaintiff for costs. To the judgment of the county court quashing the writ, a writ of error and supersedeas was awarded by the circuit court of Gloucester, in which the said judgment of the county court was reversed, and the cause was retained by the circuit court for a trial to be had therein. And upon the trial of the cause the defendant moved the circuit court to quash the writ, which motion was overruled. And this is assigned as error. If it was error it is an end of the case. Was it error?

It involves the question whether an action of unlawful detainer would lie in any case, to enforce the rights of the plaintiff in the subject in controversy. In Power & Kellog v. Tazewell, 25 Gratt. p. 786, it was held that if a plaintiff has acquired an exclusive right to the use and occupation of beds or shores of creeks, &c., the summary action of unlawful entry and detainer is an appropriate remedy to assert and enforce his exclusive right against any one who unlawfully

withholds it from him.   The complaint in this case is that the defendant unlawfully withholds from the plaintiff the premises described in the writ.   According to the decision aforesaid, from what appears on the face of the writ it was his appropriate remedy.   It could not be unlawfully withheld from the plaintiff unless he had an exclusive right to the possession, and that is charged in the writ.   The action of unlawful entry and detainer being an appropriate remedy to assert and enforce the plaintiff's right in the subject, the complaint that the defendant unlawfully withholds it from the plaintiff is a sufficient averment of the plaintiff's right to the action, and to put the defendant upon his defence.

The court is of opinion, therefore, that the court did not err in overruling the defendant's motion to quash.   To have decided otherwise would have been to have held that in no case would the action lie by a party to recover oyster-planting grounds which were unlawfully withheld from him, which would have been contrary to the decision of this court in the case above cited.

Upon the trial of the cause upon its merits, the jury found by a special verdict that in the latter part of 1872 a contract under seal was made by S. G. Cooke, ex'or of Wm. Andrews and Mrs. Emily Andrews and J. L. Stuart, the defendants, whereby the said Stuart rented the oyster-planting ground in controversy from S. G. Cooke, ex'or as aforesaid, and Mrs. Emily Andrews for the period of three years from the 1st of January, 1873, for the sum of $75 per annum, to be paid semi-annually in advance, and that Stuart bound himself legally and morally to deliver to the plaintiff the said oyster-planting ground at the expiration of three years, which was the termination of the lease; that Stuart took possession on the 1st of January, 1873, under the contract, and was in possession at the institution of this suit; that he made three or four payments, and afterwards, upon application, refused

to pay the balance of the rent ; and refused to give up the oyster-planting ground at the expiration of the three years, but continued in the possession at the time of the institution of this suit.    The lease expired on the 1st of January, 1876, and this suit was commenced on the 21st of November, 1877.

Mrs. Emily Andrews died in the latter part of the year 1873 ; and it appearing by the will of her husband that she had only a life interest in the premises, all her interest in the contract ceased at her death.

Many interesting points were made by the learned counsel in the argument of the case, chiefly to the effect, first, that the plaintiff had no right, title or interest in the subject of the suit that would entitle him to maintain this action, and second, that the proprietary right and title to the bed of the York river was vested in the commonwealth for the benefit of all the people of the commonwealth ; that the defendant had a right to participate in those benefits, and that the plaintiff had no exclusive right to the possession and enjoyment of the same.

But the court is of opinion that the defendant, the plaintiff here, having acknowledged the plaintiff's right by solemn contract under his hand and seal, under which contract he came into the possession and enjoyment thereof, and obligated himself to return the same to the plaintiff at the expiration of the lease, by the law as established for ages, he is estopped to deny his title, and is bound by his solemn covenant to surrender to him the possession.

The court is of opinion, therefore, that the question cannot arise in this case, whether the plaintiff, under the laws of this state, has any exclusive right to the possession of the property in controversy.    The defendant, by his acceptance of the lease and covenant to return the property to the plain-

tiff, is precluded from raising the question, and only the rights of the parties under said contract can be decided in this case.

The court is of opinion, therefore, to affirm the judgment of the circuit court.

Judgment affirmed.